IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEMPER INDEPENDENCE<br>INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>RICHARD S. DAVIS, as Personal<br>Representative of the ESTATE OF<br>KEVAN THATCHER-STEPHENS; IAN<br>GRAHAM-COLLIER; MELISSA BENCH,<br>as Personal Representative of<br>the ESTATE OF CHARLES ASHLEY<br>BENCH; MARK LOUIS ROBUSTELLI;<br>JAMES STEPHENS; PATRICE<br>THATCHER; and JOHN DOES 1<br>THROUGH 25,<br><br>        Defendants. | CV No.: 1:05-CV-003069-PA<br><br>ORDER RE: PLAINTIFF'S MOTION<br>FOR PARTIAL SUMMARY JUDGMENT<br>AGAINST THE ESTATE OF BENCH |

Pursuant to Fed. R. Civ. P. 56(a), plaintiff Kemper Independence Insurance Company (Kemper) moves for an order granting summary judgment on its first, second and third claims for relief alleged in its Second Amended Complaint on the grounds that there are no genuine issues of material fact and that they

1- ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ESTATE OF BENCH

are entitled to judgment as a matter of law on these claims as to the Estate of Charles Bench. The precise questions to be answered by the Court are set forth by the plaintiff as follows:

1. Are liability claims against Kevan Thatcher Stephens excluded from coverage under the Personal Auto Coverage portion of the policy because Kevan was using a vehicle without a reasonable belief that he was entitled to do so at the time of the accident?

2. Are liability claims against Kevan Thatcher-Stephens and his parents, James Stephens and Patrice Thatcher, excluded from coverage under the Section II Personal Liability portion of the policy because any "bodily injury" or "property damage" arose out of the ownership or use of a motor vehicle?

3. Are liability claims against Kevan Thatcher-Stephens and his parents, James Stephens and Patrice Thatcher, limited to the Personal Catastrophe Liability Coverage Endorsement Limit of Liability of $1,000.000?

As to question #1, the motion is denied. There is sufficient evidence to create a question of fact as to whether Kevan was using the vehicle without a reasonable belief that he was entitled to do so at the time of the accident.

Question #2 has been conceded by the defendant and therefore

1- ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ESTATE OF BENCH

summary judgment is allowed as to this issue.

Question #3 is decided in favor of the plaintiff. The Court determines that the limited Personal Catastrophe Liability Coverage are limited to $1,000,000.

The policy in issue does not provide that the limit of liability of Personal Catastrophe Liability Coverage is $1,000,000 "per occurrence". It simply limits the liability to $1,000,000.

Even if the alleged liability were for bodily injury resulting from "an occurrence", the term "occurrence" is not ambiguous in the policy and there was only "one occurrence".

"Occurrence" is defined in the policy to mean an accident, including continuous or repeated exposures to substantially the same general harmful conditions which results during the policy period in bodily injury or property damage. The accident in question was the automobile accident occurring on February 11, 2005.

Summary judgment is granted accordingly.

DATED this _13_ day of February, 2007.

OWEN M. PANNER
U.S. DISTRICT JUDGE

1- ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ESTATE OF BENCH